IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHAWN D. SMITH et al., § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. 4:19-cv-00751-P |
| JPMC SPECIALTY § MORTGAGE LLC., § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant JPMC Specialty Mortgage LLC's ("JPMC") Motion for Summary Judgment (ECF No. 15), filed March 6, 2020; Plaintiffs Shawn D. Smith's and Nikole M. Smith's Response (ECF No. 24); and JPMC's Reply (ECF No. 27). Having considered the Motion, briefing, and the applicable law, the Court finds that JPMC's Motion for Summary Judgment should be and is hereby **GRANTED**.[1]

## BACKGROUND

The underlying facts of this mortgage dispute are relatively straightforward. Indeed, Plaintiffs consider the essential facts to be "[u]ndisputed." Pls.' MSJ Resp. at 4, ECF No. 24. On August 9, 2001, Shawn D. Smith signed a Texas Home Equity Adjustable Rate Note in favor of Ameriquest Mortgage Company with a principal amount of $184,000 ("Note"). JPMC's MSJ App'x at 5–8. Also on August 9, 2001, Smith and Nikole M.

---

[1] Also pending is JPMC's Partial Motion to Dismiss (ECF No. 5). Because the Court grants summary judgment in favor of JPMC, the Partial Motion to Dismiss is **DENIED as moot**.

Smith signed a Texas Home Equity Security Instrument ("Security Instrument" or "Deed of Trust"), granting Ameriquest a lien on property commonly referred to as 1502 Windsor Forest Trail, Keller, Texas 76262. *Id.* at 67–91. On November 1, 2007, Plaintiffs and Citi Residential Lending, Inc.—the Loan's servicer at the time—entered into a Loan Modification Agreement.[2] *Id.* at 9–19.

The Note and Security Instrument were assigned to WM Specialty Mortgage L.L.C. on March 22, 2007. *Id.* at 92. On December 29, 2008, WM Specialty Mortgage, L.L.C. amended its certificate of formation and changed its name to JPMC Specialty Mortgage LLC. *Id.* at 18. JPMC sets forth affidavit testimony from JPMorgan Chase Bank, N.A.'s ("Chase") "authorized signer," in which she affirms that Chase is the mortgage servicer for the Loan. *Id.* at 1–2. Chase's authorized signer further testifies that "[a]s the mortgage servicer for JPMC . . . Chase currently has physical possession of the original Note and the Loan Modification Agreement."[3] *Id.* at 3. According to Chase's authorized signer, Chase Home Finance LLC began servicing the Loan on or about January 1, 2009. *Id.* at 3, 19. On or about May 1, 2001, Chase Home Finance, LLC merged with and into Chase. *Id.* at 3, 23. Thus, Chase's authorized signer testifies that Chase is the current Loan servicer and has been since January 1, 2009. MSJ Br. at 5.

---

[2]The Note, Deed of Trust, and Loan Modification Agreement are referred to collectively as the "Loan."

[3]The Note included in JPMC's appendix contains an endorsement in blank. JPMC's MSJ App'x at 8.

JPMC's summary judgment evidence includes a series of letters concerning default and acceleration. These letters provide, in part, as follows:

- In a letter dated June 18, 2010, Chase through foreclosure counsel notified Plaintiffs that their Loan was in default and that Chase would accelerate if the default was not cured within thirty days. JPMC's MSJ App'x at 99–102.

- In a letter dated July 8, 2010, Chase through foreclosure counsel notified Plaintiffs that their Loan had been accelerated. *Id.* at 103–106.

- In a letter dated September 11, 2012, Chase informed Plaintiff Shawn D. Smith that the Loan was in default and if the default was not cured within thirty-five days, Chase would accelerate the Loan. *Id.* at 26–29.

- In a letter dated January 16, 2013, Chase through its foreclosure counsel informed Plaintiffs that Chase "hereby rescinds the notice of acceleration dated September 11, 2012 and all prior notices of acceleration." *Id.* at 107–114.

Each letter is supported by affidavit testimony from either Chase's authorized signer or Chase's foreclosure counsel, affirming that the letters were mailed to Plaintiffs' address via certified mail. *See e.g.*, *id.* at 97.

On July 6, 2015, Plaintiffs filed a lawsuit ("first lawsuit") against Chase in Texas state court, and the case was removed to this Court. *Id.* at 173; *see Smith v. JP Morgan Chase Bank, N.A.*, No. 4:15-CV-00589-A (N.D. Tex.). Plaintiffs alleged claims for common-law fraud, promissory estoppel, and violations of the Real Estate Settlement Procedures Act ("RESPA"). *Id.* at 185–88. On June 21, 2016, because Plaintiffs failed to comply with the Court's order to participate in filing a joint status report, the Honorable U.S. District Judge John H. McBryde signed an order dismissing the lawsuit and entered a

final judgment against Plaintiffs. *Id.* at 194–95. On April 4, 2016, Plaintiffs filed a second lawsuit ("second lawsuit") against Chase in Texas state court, and the case was removed to this Court. *Id.* at 196; *see Smith v. JP Morgan Chase Bank, N.A.*, No. 4:16-CV-00279-O. Plaintiffs alleged a breach of contract claim based on Chase's alleged miscalculation of payments. *Id.* at 209. Chase filed a motion to dismiss, and on June 21, 2016, the Honorable U.S. District Judge Reed O'Connor signed an order dismissing the second lawsuit with prejudice because it was barred by res judicata. *Id.* at 223.

On January 22, 2019, Chase filed an application for expedited foreclosure in Texas state court, pursuant to Texas Rule of Civil Procedure 736 ("736 application"). *Id.* at 115; *see In re Order for Foreclosure Concerning 1502 Windsor Forest Trail, Keller, Texas 76262*, No. 236-305629-19, 236th District Court of Tarrant County, Texas. Attached to the 736 application were an affidavit from a vice president from Chase, the Note, Security Instrument, Assignment of the Note to Chase, an August 10, 2018 notice of default and intent to accelerate, and proof of mailing. *See id.* at 120–172.

On August 5, 2019, Plaintiffs filed the instant lawsuit ("third lawsuit") against Chase in Texas state court, and on September 20, 2019, the case was removed to this Court. *See* Nt. of Removal, ECF No. 1; Orig. Pet., ECF No. 1-3. The filing of the third lawsuit stayed the proceedings regarding the 736 application. *See* Tex. R. Civ. P. 736.11. Plaintiffs allege a quiet title action and seek a declaratory judgment and injunctive relief. *See* Orig. Pet. at 3–6. Through these claims, Plaintiffs challenge the 736 proceeding and assert that the instant mortgage lien is now void because it has been accelerated for more

4

than four years and that Chase lacks standing as a mortgagee or mortgage servicer to pursue a foreclosure. *Id.*

Chase filed a 12(b)(6) motion to dismiss (ECF No. 5), Plaintiffs filed a response (ECF No. 13), and Chase filed a reply (ECF No. 14). Chase then filed a Motion for Summary Judgment (ECF No. 15), Plaintiffs filed a response (ECF No. 23), and Chase filed a reply (ECF No. 27). Chase's motions are now ripe for review.

## LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the nonmovant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed

allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## ANALYSIS

JPMC seeks summary judgment on several grounds: (1) the undisputed evidence demonstrates that JPMC is a mortgagee and thus has standing to pursue foreclosure; (2) the Tarrant County Property Records support that JPMC is a mortgagee by assignment and Plaintiffs lack standing to challenge any alleged defect in assignments; (3) res judicata precludes Plaintiffs from challenging assignments from 2007 that could have been raised in the first and second lawsuits; (4) the mortgage lien is not barred by limitations because the 2010 acceleration was waived or abandoned by the subsequent notices of default and rescission; and (5) the 736 application was not defective. JPMC's MSJ Br. at 2, ECF No. 16. Plaintiffs respond that new issues of law and fact have arisen after the first and second lawsuits, such that res judicata and claim preclusion do not apply. Pls.' MSJ Resp. Br. at 2–4. Plaintiffs also assert that the Note attached to Chase's 736 application is not properly authenticated. *Id.* at 6–7.

**A.  The summary judgment evidence conclusively establishes that the July 2010 acceleration was abandoned and/or rescinded.**

Texas law provides that "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id.* at § 16.035(d). The limitations

6

period provided in Section 16.035 on a mortgage loan that contains an optional acceleration clause accrues upon the lender's acceleration of the note. *See HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 203 (5th Cir. 2018) ("When a note or deed of trust secured by real property includes an optional acceleration clause, 'the action accrues . . . when the holder actually exercises its option to accelerate.'") quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

The acceleration of a note can be abandoned "by agreement or other action of the parties." *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In addition, "a holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Wolf*, 44 S.W.3d at 566–67. The Fifth Circuit has held that a lender

> a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition . . . by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms.

*Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015). "Abandonment of acceleration has the effect of restoring the contract to its original condition," thereby "restoring the note's original maturity date" for purposes of accrual. *Khan*, 371 S.W.3d at 353 (citations omitted).

In addition to abandonment by agreement as well as unilateral abandonment by a lender, Texas statute provides for waiver of acceleration will be effective if the lender serves written notice of its waiver by first class or certified mail. *See* TEX. CIV. PRAC. AND REM. CODE at § 16.038(b)–(c). The statute also provides that "[a] notice served under this

7

section does not affect a lienholder's right to accelerate the maturity date of the debt in the future nor does it waive past defaults." *Id.* at § 16.038(d). Moreover, the statute states:

> This section does not create an exclusive method for waiver and rescission of acceleration or affect the accrual of a cause of action and the running of the related limitations period under Section 16.035(e) on any subsequent maturity date, accelerated or otherwise, of the note or obligation or series of notes or obligations.

*Id.* at § 16.038(e).

Here, the uncontroverted summary judgment evidence establishes that the Loan was accelerated on July 8, 2010 (JPMC's MSJ App'x at 99–103); that on September 11, 2012, the acceleration was abandoned (*see* JPMC's MSJ App'x at 26; *Boren*, 807 F.3d at 106); and that on January 16, 2013, any prior acceleration was rescinded. *See* JPMC's MSJ App'x at 107–114; *Boren*, 807 F.3d at 106; *see also* TEX. CIV. PRAC. & REM. CODE § 16.038. Thus, the July 2010 acceleration was abandoned or rescinded prior to the expiration of the four-year statute of limitations. *See Boren*, 807 F.3d at 105.

JPMC's Motion for Summary Judgment on Plaintiffs' request for declaratory judgment that the mortgage lien is void is **GRANTED.**

**B.     Res judicata and Fifth Circuit precedent preclude Plaintiffs from challenging the allegedly defective assignments or JPMC's status as an assignee, mortgagee, or Chase as its mortgage servicer.**

"Claim preclusion, or pure res judicata, is the venerable legal canon that [e]nsures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citation and internal quotations omitted). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were

8

or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citation and quotations omitted). For res judicata to apply, four conditions must be satisfied: (1) the parties to both actions are identical, or in privity; (2) a court of competent jurisdiction rendered the judgment in the first action; (3) the first action concluded with a final judgment on the merits; and (4) both suits involved the same claim or cause of action. *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (citation omitted).

All four conditions are satisfied. *First*, as noted above, it is undisputed that Plaintiffs have already engaged in the first and second lawsuits with Chase. *See* Chase's MSJ App'x at 173–224. *Second*, it is uncontested that this Court rendered final judgments in the first and second lawsuits. *See id.* at 195, 224. Plaintiffs do not contest that the judgment was rendered by a court of competent jurisdiction. *Third*, the final judgment in the second lawsuit was a final judgment on the merits. *See Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 F. App'x 735, 738 (5th Cir. 2015). Plaintiffs do not contest that the final judgment in the second (or first) lawsuit was a final judgment on the merits. *See* Pls.' MTD Resp. *Fourth*, the instant lawsuit and the First Lawsuit both involve the same claim or causes of action.

Regarding the fourth condition, the Fifth Circuit uses the transactional test to determine whether two suits involve the same claim or cause of action. *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). This test requires the district court to consider whether the two cases are based on "the same nucleus of operative facts." *Id.* (citation and quotations omitted). "The nucleus of operative facts, rather than the type of

9

relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id.* (citation omitted). If both cases are based on the same nucleus of operative facts, "the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (citation and internal quotations omitted).

The same set of facts was at issue in the first and second lawsuits and Plaintiffs could have raised their challenges to JPMC's standing as an assignee, mortgagee, or Chase's standing as mortgage servicer as JPMC's privity to the Loan arose in 2007. Accordingly, the fourth condition is also satisfied. *See Warren*, 616 F. App'x at 738 ("Raising new claims . . . does not allow Warren to avoid the preclusive effects of the prior judgments. Even with new claims, this case is based on the same nucleus of operative facts as [the prior two cases]. Each of the suits is based on the same loan that Warren obtained in 2006. . . . Though Warren has also raised various other claims, they arise from the same nucleus of operative facts and thus could have, and should have, been asserted in the prior suits."); *see also Johnson v. Citigroup Mortgage Loan Tr., Inc.*, No. 5:17-CV-1227-DAE, 2018 WL 6242181, at *4–5 (W.D. Tex. Mar. 19, 2018).

But even if Plaintiffs were not barred by res judicata from challenging JPMC's (or Chase's) standing, JPMC would still be entitled to summary judgment. That is, while "Texas has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid[,]" *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 831 (S.D. Tex. 2012), the Fifth Circuit has recognized that "'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to

10

enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor[.]" *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Because Plaintiffs' challenge to JPMC's standing would at best render the purported assignments voidable rather than void, the Court holds that Plaintiffs lack standing to challenge the allegedly defective assignments.

Accordingly, JPMC's Motion for Summary Judgment on Plaintiffs' challenge to Chase's standing should be and is hereby **GRANTED.**

**C.   Plaintiffs' suit to quiet title claim fails.**

Through a quiet title action, a "plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim." *Turner v. AmericaHomeKey Inc.*, 514 Fed. App'x 513, 516 (5th Cir. 2013) (citations omitted). A suit to quiet title, which is also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted).

To succeed on a quiet title claim under Texas law, a plaintiff must prove that: (1) he possesses an interest in a specific property; (2) his title to the property is affected by the defendant's claimed interest; and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Cook–Bell v. Mortgage Electronic Registration Systems, Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (citing *Cruz v. CitiMortgage, Inc.*, No. 3:11-

CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012)). A plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Turner*, 514 Fed. App'x at 516 (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).

Plaintiffs makes no assertion and set forth no evidence as to the strength of their own title. As set forth above, Plaintiffs are barred by res judicata and controlling Fifth Circuit law from challenging JPMC's and Chase's standing. Accordingly, Plaintiff fails to state a claim for quiet title. *See Sharp v. Am. Homes 4 Rent Props. Eight, LLC*, No. 3:15-CV-1380-G, 2015 WL 4253162, at *4 (N.D. Tex. July 14, 2015) ("Sharp fails to state a quiet title claim because the complaint contains no assertions regarding the strength of his own title.").

**D.    Plaintiffs' claims concerning the 736 application fail.**

Finally Plaintiffs challenge the attachments to Chase's 736 application as lacking a foundation as the attachments are not supported by sworn representations regarding the documents authenticity. Pls.' Orig. Pet. 5–6. JPMC seeks summary judgment because the challenged business records affidavit is based on personal knowledge and Texas courts have found similar affidavits sufficient in the foreclosure context. JPMC's MSJ Br. at 16–18. Plaintiffs do not appear to respond to JPMC's argument.

Notwithstanding that it is unclear the cause of action through which Plaintiffs challenge these attachments, having reviewed the challenged affidavit and attachments, the Court finds that they are not improper. *See Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429

12

S.W.3d 125, 130 (Tex. App.—Dallas 2014, no pet.); *see also Long v. Sw. Funding, L.P.*, No. 03-15-00020-CV, 2017 WL 672445, at *6 (Tex. App.—Austin Feb. 16, 2017, no pet.). Thus, JPMC's motion for summary judgment as to the 736 application's attachments is **GRANTED.**

## CONCLUSION

For the foregoing reasons, the Court finds that JPMC's Motion for Summary Judgment (ECF No. 15), should be and is hereby **GRANTED.** Accordingly, Plaintiffs' claims are **DISMISSED with prejudice.**

**SO ORDERED** on this **3rd day** of **June, 2020**.

*[signature]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

13